FILED

2005 Sep-30  PM 03:51
U.S. DISTRICT COURT
N.D. OF ALABAMA



# IN THE UNITED STATES DISTRICT COURT
## FOR THE NORTHERN DISTRICT OF ALABAMA
### WESTERN DIVISION

| | | |
|---|---|---|
| DEBORAH L. RISHAVY, & | | |
| LASANDRA COOPER | ) | |
| individually and on behalf of a class of | ) | |
| persons similarly situated, | ) | |
| | ) | |
| Plaintiff, | ) | |
| vs. | ) | CV-2005-_____ |
| | ) | |
| TUSCALOOSA CHEVROLET., Inc., | ) | Jury Trial Demanded |
| | ) | Class Action |
| Defendant. | ) | |

## **COMPLAINT**

### **INTRODUCTION**

1.      This complaint seeks redress on behalf of the Plaintiffs and a class and subclass of persons similarly situated for the Defendant's violations of the Fair Credit Reporting Act ("FCRA") and the Equal Credit Opportunity Act ("ECOA").

### **THE PARTIES**

2.      Plaintiffs Deborah L. Rishavy and LaSandra Cooper are over the age of nineteen (19) years and are residents of Tuscaloosa, Alabama, which is located in the Western Division of this District. At all times relevant hereto, Plaintiffs were consumers as that term is defined by the FCRA and the ECOA.

3.      At all times relevant hereto Plaintiffs were consumers as that term is defined by the FCRA and the ECOA.

4.      Defendant Tuscaloosa Chevrolet, Inc., (Tuscaloosa Chevorlet) operates an automobile dealership where it finances and/or arranges financing for customers wishing to purchase motor vehicles and it is doing business and providing said services in Tuscaloosa, Alabama. Defendant is a "user" of consumer reports within the meaning of § 615 of the FCRA, 15 U.S.C. § 1681m. Defendant

1

is also a creditor within the meaning of the Equal Credit Opportunity Act (ECOA) as set out in 15 U.S.C. § 1691a(e); Regulation B, 12 C.F.R. §202.2.

## JURISDICTIONAL BASIS

5.    This court has jurisdiction over this matter based upon 28 U.S.C. § 1331, in that this dispute involves predominant issues of federal law. Defendant is liable to Plaintiffs pursuant to the provisions of the "Consumer Credit Protection Act of 1968," 15 U.S.C. § 1601, et seq., 15 U.S.C. § 1691e(f) as well as other applicable law.

6.    Venue is proper in this court because the Plaintiffs reside in this district. 28 U.S.C. §1391(b)(1). Venue is proper in this district also pursuant to 28 U.S.C. § 1391 (b)(2) because a substantial part of the events or omissions giving rise to the claim occurred in this district.

7.    This is a class action for declaratory and injunctive class relief, statutory damages, and punitive damages, to redress the violations by Defendant of the Fair Credit Reporting Act, (hereinafter the "FCRA"), the Equal Credit Opportunity Act 15 U.S.C. §§ 1691, et seq. (hereinafter the "ECOA"), and Regulation B, 12 C.F.R. § 202 (hereinafter "Regulation B"), promulgated by the Board of Governors of the Federal Reserve System pursuant to Section 703 of the Act, 15 U.S.C. § 1691b.

8.    Plaintiffs seek relief from the acts of Defendant who has utterly failed to provide Plaintiffs and Class Members notification of adverse action based in whole or in part on their consumer credit reports and notice of action taken on their credit applications.

## FACTUAL ALLEGATIONS

9.    Plaintiffs seek relief from the Defendant based on the Defendant's failure to provide Plaintiffs and Class Members notification of adverse action based in whole or in part on their consumer credit reports as required by § 615(a) of the FCRA, 15 U.S.C. § 1681m and notice of action taken on their credit applications as required by the ECOA and regulation B.

10.    Defendant operates an automobile dealership with an office located in Tuscaloosa, Alabama.

2

11.     On or about July 18, 2005, Plaintiff Rishavy contacted Tuscaloosa Chevrolet about purchasing and financing a vehicle from them. On or about February 19, 2005 Plaintiff Cooper contacted Tuscaloosa Chevrolet about purchasing and financing a vehicle from them.

12.     In response to Plaintiffs' inquiries, Tuscaloosa Chevrolet, obtained a credit report on Plaintiff Rishavy from Equifax a "consumer reporting agency" within the meaning of § 603(a) of the FCRA, 15 U.S.C. § 1681a(a). Tuscaloosa Chevrolet, obtained a credit report on Plaintiff Cooper from Trans-Union a "consumer reporting agency" within the meaning of §603(a) of the FCRA, 15 U.S.C. § 1681a(a).

13.     Rishavy's Equifax credit report and Cooper's Trans-Union credit report obtained by Defendant were  "consumer reports" within the meaning of § 603(d) of the FCRA, 15 U.S.C. § 1681 a(d).

14.     Defendant is a "user" of consumer credit reports as that term is used in § 615 of the FCRA, 15 U.S.C. § 1681m.

15.     After obtaining Plaintiffs' consumer reports, Defendant refused to sell or finance an automobile for them.

16.     The Defendant's refusal to sell or finance an automobile for Plaintiffs constituted an "adverse action" within the meaning of § 603(k) of the FCRA, 15 U.S.C. § 1681a(k) and the ECOA.

17.     Upon information and belief, the acts complained of herein were part of a pattern and practice of failing to provide the required notices to credit applicants against whom adverse action has been taken.

18.     Upon information and belief, Defendant maintains no procedures designed to insure that the required notices will be provided to loan applicants, or alternatively, the procedures that are maintained are inadequate to insure that the required notifications are provided.

19.     The Defendants' failure to comply with the FCRA adverse action notice requirement was "willful" within the meaning of § 616 of the FCRA, 15 U.S.C. § 1681n.

3

20.    Defendant's failure to comply with ECOA and FCRA is intentional and ongoing.

21.    The Defendant at no time provided Plaintiffs with the written notification required by § 202.9(a)(2) of Regulation B or the notice of adverse action required by the FCRA.

22.    Defendant is liable to Plaintiffs for statutory punitive damages of $10,000, pursuant to § 706(b) of the ECOA, 15 U.S.C. § 1691e(b).

23.    Pursuant to 15 U.S.C. § 1681n(a), Plaintiffs are also entitled to between $100.00 and $1,000.00 in statutory damages for Defendants' failure to comply with 15 U.S.C. § 1681m.

24.    Defendant committed the acts complained of herein willfully, intentionally, purposefully, and/or in reckless disregard of the rights of Plaintiffs.

25.    Unless Defendant is ordered to provide to Plaintiffs and Class Members the notifications required by law, Plaintiffs and Class Members will continue to suffer irreparable injury for which there is no adequate remedy at law.

26.    Regarding those Class Members who have already had adverse action taken on their credit applications, unless Defendant is ordered to provide to them the required notification, they will continue to suffer irreparable injury for which there is no adequate remedy at law.

27.    Regarding those Class Members who have as yet not had adverse action taken on their credit applications, unless Defendant is ordered by this Court to undertake to establish and maintain appropriate procedures which are adequate to insure that the required notifications are provided, they will suffer irreparable injury for which there is no adequate remedy at law.

28.    Plaintiffs are entitled to reasonable attorney's fees and costs, pursuant to § 706(d) of the ECOA, 15 U.S.C. § 1691e(d) and 15 U.S.C. § 1681n(a)(3).

## <u>COUNT I</u>
## <u>EQUAL CREDIT OPPORTUNITY ACT</u>

4

29.    Plaintiffs incorporate the factual allegations in the preceding paragraphs as if set forth in full herein.

30.    Defendant has not complied with the notification requirements of the Equal Credit Opportunity Act set forth in Regulation B, 12 C.F.R. §202.9(a)(1)(i) and has otherwise violated the ECOA.

WHEREFORE, Plaintiffs demand judgment for willful and/or negligent violation of the Equal Credit Opportunity Act and seeks statutory damages, punitive damages, attorney fees and costs of this action.

## COUNT II
## FAIR CREDIT REPORTING ACT

31.    Plaintiffs incorporate the factual allegations in the preceding paragraphs as if set forth in full herein.

32.    Defendant has not complied with the requirements of users of consumer credit reports mandated by the Fair Credit Reporting Act set forth in 15 U.S.C. § 1681m and has otherwise violated the FCRA.

WHEREFORE, Plaintiffs demand judgment for willful and/or negligent violation of the Fair Credit Reporting Act and seeks statutory damages, punitive damages, attorney fees and costs of this action.

## COUNT III
## CLASS ACTION ALLEGATIONS

33.    Plaintiffs incorporate the factual allegations in the preceding paragraphs as if set forth in full herein.

34.    Plaintiffs pray that this Court will certify this action as a class action as provided by Rule 23 of the Federal Rules of Civil Procedure and re-allege and incorporate by reference the factual allegations of the Complaint on behalf of all persons herein described belonging to the Class and Subclass.

35.    Plaintiffs bring this action on behalf of themselves and all members of a Class composed of persons who have been subjected to an adverse action based in whole or in part upon information contained in a consumer report in violation of

the FCRA.

36.     Plaintiffs bring this action on behalf of themselves and all members of a subclass composed of persons within who have been subjected to an adverse action based in whole or in part on information contained in a consumer report in violation of the ECOA.

37.     The members of the class and the subclass are sufficiently numerous that joining of all members is impractical. There are questions of law or fact common to the class and subclasses relating to the conduct of the Defendant. Plaintiffs' claims are typical of those of the class and subclass. Plaintiffs will fairly and adequately protect the interest of the class and subclass.

38.     Each class or subclass member has had his or her consumer report accessed in connection with a consumer transaction with Defendant and has been subjected to an adverse action based on information contained in said reports without proper notification in accordance with the requirements of the ECOA and/or the FCRA.

39.     Names and addresses of Class Members are presently unknown to Plaintiffs but can be readily ascertained from the Defendants' business records.

40.     The common or similar issues of law and fact, predominate over individual issues and included, but not limited to,

    a.      Each class or subclass member has been subjected to conduct by the Defendant in violation of the ECOA and/or the FCRA.

    b.      Proof of common facts and legal doctrines by the representative Plaintiff will determine the claims of each member of the class and subclass; and

    c.      The class action proceeding will provide a practical basis for the determination of all interests of the parties, prevent inconsistent adjudications, maximize judicial economy and is superior to all other available methods of fair and efficient adjudication of the controversy.

41.     The named representative's claims are typical and representative of

the class and subclass.

WHEREFORE, Plaintiffs pray that this Honorable Court grant the following relief:

1.  Certify this action as a class action as alleged;

2.  Declare the acts and omissions of Defendant to be violative of the ECOA, Regulation B and/or the FCRA;

3.  Award Plaintiffs and Class Members FCRA statutory damages of $1,000 each;

4.  Award Plaintiffs and the class statutory ECOA punitive damages of $500,000.00 or 1% of the net worth of the Defendant;

5.  Issue an injunction (a) ordering Defendant to provide to Plaintiff and Class Members the notifications required by law; (b) ordering Defendant to establish and maintain appropriate procedures adequate to insure compliance with the ECOA, Regulation B and the FCRA; (c) award the Class Members punitive statutory damages and;

6.  Award a reasonable attorney's fee;

7.  Award to Plaintiffs and to the Class Members their costs; and

8.  Grant such other and further relief as may be just and proper.

September _____, 2005

s/Milton Brown, Jr.
Milton Brown, Jr.
Attorney at Law, P.C.
asb-1143-r59m
2608 8th Street
Tuscaloosa, Al   35401
Tel.:   (205) 391-0620
Fax:   (205) 349-5450
brownattorney1@yahoo.com

<u>s/Earl P. Underwood, Jr.</u>
**EARL P. UNDERWOOD, JR.**
**<u>OF COUNSEL:</u>**
**Law Offices of Earl P. Underwood, Jr.**
**21 South Section Street**
**Post Office Box 969**
**Fairhope, AL 36533-0969**
**251-990-5558**
**251-990-0626 (fax)**


<u>PLAINTIFFS DEMAND A TRIAL BY JURY</u>.


<u>Plaintiffs Request Service by Certified Mail</u>